IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH KEN WILLIAMS, #A0211924, <br><br> Plaintiff, <br><br> vs. <br><br> GOVERNOR LINDA LINGLE, JAMES DUKE AIONA, GENSHIRO KAWAMOTO, <br><br> Defendants. | CIVIL NO. 09-00276 DAE-LEK <br><br> ORDER GRANTING *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PAYMENT; AND ORDER DENYING APPOINTMENT OF COUNSEL |

**ORDER GRANTING *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PAYMENT; AND ORDER DENYING APPOINTMENT OF COUNSEL**

Pro se Plaintiff Joseph Ken Williams, a prisoner incarcerated at the Halawa Correctional Facility, has filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983, and an *in forma pauperis* application. Plaintiff has also filed a motion for appointment of counsel.[1] Plaintiff's *in forma pauperis* application is

---

[1] The court has not yet screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a) and shall do so by separate order. Plaintiff is notified that, if after screening her complaint the court determines that it is frivolous, malicious, or fails to state a claim, he is nonetheless obligated to pay the entire filing fee for this action. *See* 28 U.S.C § 1915(b)(1) & (e)(2).

**GRANTED**.  *See* 28 U.S.C. § 1915(a).  Plaintiff's Motion for Appointment of Counsel is DENIED.[2]

## I. In Forma Pauperis is Granted.

Plaintiff's application makes a sufficient showing of indigency, and is therefore GRANTED.  As a prisoner, Plaintiff must pay the $350.00 statutory filing fee when funds become available in his prison trust account.  *See* 28 U.S.C. § 1915(b)(1).  Based on the amount in Plaintiff's prison trust account, Plaintiff is not assessed an initial partial filing fee.  When funds become available in Plaintiff's prison trust account, he must pay the fee in monthly payments of 20% of the previous month's income credited to his account.  The Warden or his designee must collect and forward these payments to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

---

[2]Plaintiff's Complaint is nearly impossible to decipher.  It appears that Plaintiff also attempts to name President Barack Obama, and fellow inmate Alden Pauline, as co-Plaintiffs to this suit.  Plaintiff is notified that he may not, as a pro se litigant, represent any other person in a lawsuit in the federal court. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curium) (plain error to permit imprisoned litigant, unassisted by counsel, to represent fellow inmates in a class action).  Moreover, inmate Alden Pauline has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), and may not proceed *in forma pauperis* absent a showing that he is in imminent danger of serious physical injury.  In light of this, the court does not construe this action as having been jointly brought by Plaintiff, President Obama, and Pauline, and shall proceed accordingly.

## II. The Motion for Appointment of Counsel is Denied.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.* (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Because the court has not yet thoroughly screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a), it is premature for the court to consider Plaintiff's Motion. A brief review of the Complaint, however, does not reveal the exceptional circumstances required to warrant the appointment of

counsel. In fact, as noted above, the Complaint is nearly incomprehensible and does not appear likely to succeed on its merits. The court DENIES Plaintiff's Motion for Appointment of Counsel, without prejudice to refiling after the Complaint has been screened and has been determined to state a claim, and service has been directed on Defendants.

## II. Conclusion

**IT IS ORDERED**:

1. Plaintiff's request for leave to proceed *in forma pauperis* is GRANTED. Plaintiff has insufficient funds to make an initial partial filing fee.

2. When funds become available, the Halawa Correctional Facility Warden and the Director of the Hawaii Department of Public Safety, or their designee, is ordered to forward to the Clerk of Court the $350.000 filing fee, collected from Plaintiff's prison trust account in monthly payments of 20% of the preceding month's income credited to Plaintiff's prison account. Payments must be forwarded to the Clerk of the Court when the amount in Plaintiff's account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. THE PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

      3.     It is the Department of Public Safety's responsibility to ensure that these payments are made and do not exceed $350.00.  *See* 28 U.S.C. § 1915(a)(2-3).

      4.     The Clerk shall serve by mail a copy of this order on Plaintiff, the Warden of the Halawa Correctional Facility, the Director of the Hawaii Department of Public Safety, and Thomas Read, Department of Public Safety Offender Management Administrator, 919 Ala Moana Blvd., 4th Floor, Honolulu, Hawaii 96814.

      5.     The Clerk of Court shall forward a copy of this Order to the Financial Office for the United States District Court for the District of Hawaii.  The Financial Office shall set up an account to receive payments and notify the Court when the fee is paid in full.

      6.     Plaintiff's Motion for Appointment of Counsel is DENIED.

7.	Insofar as any other individual has been docketed as co-plaintiff in this case, including President Barack Obama and Alden Pauline, the Clerk is directed to modify the docket to reflect that the only plaintiff appearing in this case is Joseph Ken Williams.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2009.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Williams v. Lingle, et al.*, Civ. No. 09-00276 DAE-BMK; prose attorneys\IFP Orders\dmp\2009\Williams 09-276 BMK (grt 1983 no svc, no scr yet, dny apptcoun)